IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>Xceligent, Inc.<br>           Debtor. | Chapter 7<br>Case No. 17-12937 (CSS)<br><br>**Hearing Date: November 7, 2018 at 11:00 a.m.**<br>**Objection Deadline: October 31, 2018 at 4:00 p.m.** |
| In re:<br>ePropertyData.com, LLC<br>           Debtor. | Chapter 7<br>Case No. 17-12938 (CSS) |
| In re:<br>Karnes Research Company, LLC<br>           Debtor. | Chapter 7<br>Case No. 17-12939 (CSS) |

**MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING AN AGREEMENT WITH JNR ADJUSTMENT COMPANY REGARDING SALE OF CERTAIN ACCOUNTS RECEIVABLE PURSUANT TO 11 U.S.C. §§ 105 AND 363**

Alfred T. Giuliano, the chapter 7 trustee (the "Trustee") for the estates (the "Estates") of the above-captioned debtors (the "Debtors"), hereby files this motion (the "Motion") pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") seeking entry of an order approving an agreement by and between the Trustee and JNR Adjustment Company ("JNR") regarding the sale of certain of the Debtors' accounts receivable, a copy of which is attached hereto, incorporated herein and marked as Exhibit "1" (the "Sale Agreement"). In support of the Motion, the Trustee respectfully states as follows:

**JURISDICTION, BACKGROUND AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue for this proceeding and this Motion is proper in this District pursuant to 28

U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On December 14, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this Bankruptcy Court.

5. On or shortly after the Petition Date, the Trustee was appointed by the Office of the United States Trustee to serve as the duly authorized chapter 7 Trustee for the Estates of the Debtors, and he continues to serve in this capacity.

6. Prior to the commencement of the Debtors' bankruptcy cases, the Debtors were a multi-market provider of commercial real estate ("CRE") information services and listing database products, which were used by CRE professionals and other companies involved in buying, selling, leasing, developing and/or managing CRE.

7. In accordance with his duties under the Bankruptcy Code, the Trustee, with the assistance of the Trustee's accountants, Giuliano Miller LLP, reviewed the Debtors' financial books and records. The Debtors' books and records indicate that certain of the Debtors' customers (the "Customers") are indebted to the Debtors for services provided by the Debtors prior to the Petition Date.

8. The Trustee has made demand upon the Customers for payment of the accounts receivable ("Accounts Receivable") they each respectively owe. The Trustee has settled Accounts Receivable with three (3) Customers, and is by separate motion seeking court approval of such settlements pursuant to Bankruptcy Rule 9019. Other Customers, however, have failed

2

to respond or have refused to make payment of the Accounts Receivable, and the Trustee has determined that he likely will be unable to collect the Accounts Receivable without engaging in expensive and time-consuming litigation.

9. JNR has expressed an interest in acquiring the right, title and interest of the Estates in and to the Accounts Receivable identified on Schedule A attached to the Sale Agreement (together, the "Purchased A/R").

10. After arm's length negotiations, the Trustee, in his business judgment, entered into the Sale Agreement, subject to entry of the Bankruptcy Court Approval Order (as defined in the Sale Agreement), regarding the transfer of the Estates' right, title and interests in and to the Purchased A/R to JNR.

### *The Sale Agreement*

11. The complete terms and conditions of the Sale Agreement are more fully set forth in the Sale Agreement (Exhibit "1") and should be referenced in their entirety. Salient provisions of the Sale Agreement include, *inter alia*, the following:

   a. Purchase Price: JNR has agreed to pay the Trustee the sum of $38,762.58 (the "Purchase Price"), which is equal to 20% of the face amount of the Purchased A/R.

   b. Transfer of Purchased A/R: Upon entry of the Bankruptcy Court Approval Order (as defined in the Sale Agreement) and payment of the Purchase Price to the Trustee, the Estates' right, title and interest in the Purchased A/R shall be transferred to JNR on an "as is, where is" basis, without any representations or warranties whatsoever, whether express, implied or imposed by law. JNR has acknowledged that the Trustee makes no, and the Trustee expressly disclaims any and all, representations, guarantees, or warranties whatsoever, express or implied, as to the collectability of the Purchased A/R.

12. The Trustee has received the Purchase Price from JNR in accordance with the Sale Agreement and is holding same pending approval of this Motion.

LEGAL\38716228\2 00600.9698.000/420979.000
10/16/2018 6:10 PM

## SUMMARY OF REQUESTED RELIEF

13. By this Motion, the Trustee respectfully requests that the Bankruptcy Court enter an order, substantially in the form attached hereto, approving the Sale Agreement and authorizing the transfer of the Purchased A/R to JNR under the terms and conditions of the Sale Agreement pursuant to sections 105(a) and 363(b) of the Bankruptcy Code.

## APPLICABLE AUTHORITY AND ANALYSIS

14. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Bankruptcy courts regularly approve requests to use estate property outside of the ordinary course of business so long as a good business justification exists. *See, e.g., Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983); *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147 (D. Del. 1999); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335-36 (Bankr. D. Del. 1987). To supplement the Trustee's powers under section 363, section 105(a) of the Bankruptcy Code provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

15. In the present case, the Sale Agreement represents a prudent and proper exercise of the Trustee's business judgment and is supported by concrete business reasons. The terms of the Sale Agreement, including the Purchase Price, is reasonable, and the result of good faith, arms' length negotiations between the Trustee and JNR. The Trustee, based on his substantial experience with liquidating debtors' accounts receivable in chapter 7 cases, is satisfied that the Purchase Price, which is equal to 20% of the face amount of the Purchased A/R, represents

appropriate consideration.  Moreover, the Purchase Price to be received by the Estates under the Sale Agreement confers a certain, substantial benefit to the Estates, in contrast to the uncertain, delayed return that the Trustee's further efforts to collect on the Purchased A/R would generate. In addition, the costs and expenses that the Estates would incur in continuing to pursue collection of the Purchased A/R himself, or to market the Purchased A/R for sale to a party other than JNR, would likely outweigh any benefit that the Estates would obtain through such further efforts.

16.	Based on the foregoing, the Trustee respectfully submits that the value to be realized by the Estates through the proposed sale of the Purchased A/R to JNR under the Sale Agreement is fair and appropriate under the circumstances, and represents a material benefit to the Estates.  Therefore, the Trustee submits that the Sale Agreement serves the Estates' best interests and represents a sound exercise of the Trustee's business judgment for purposes of section 363(b) of the Bankruptcy Code.

**NOTICE**

17.	Notice of this Motion has been given to (i) the Office of the United States Trustee; (ii) JNR; (iii) the Debtors' counsel; (iv) the Debtors' secured creditors as appearing in Schedule D of the Debtors' Schedules of Assets and Liabilities; (v) the twenty (20) largest unsecured creditors as appearing in Schedule F of the Debtors' Schedules of Assets and Liabilities; and (vi) all parties who have requested notice pursuant to Rule 2002 via United States first class mail and/or via ECF notification, (collectively, the "Notice Parties"), and the Trustee submits that given the nature of the relief sought in this Motion that notice limited to the Notice Parties is adequate and appropriate notice.

18.	No previous application for the relief sought herein has been made to this or any other court.

LEGAL\38716228\2 00600.9698.000/420979.000
10/16/2018 6:10 PM

WHEREFORE, the Trustee respectfully requests entry of an order, in substantially the form attached: (i) granting this Motion; (ii) approving the Sale Agreement and authorizing the Trustee to take any actions necessary to carry out the terms of the Sale Agreement; and (iii) granting such other and further relief as this Bankruptcy Court deems just and proper.

Dated: October 16, 2018
Wilmington, Delaware

COZEN O'CONNOR

By: */s/ John T. Carroll, III*

John T. Carroll, III (DE No. 4060)
1201 North Market Street
Suite 1001
Wilmington, DE  19801
Telephone:  (302) 295-2028
Facsimile:  (302) 295-2013
jcarroll@cozen.com

Eric L. Scherling, Esq.
One Liberty Place
1650 Market Street
Suite 2800
Philadelphia, PA 19103
Telephone:  (215) 665-2042
Facsimile:  (215) 701-2081
escherling@cozen.com

**Counsel for Alfred T. Giuliano, Chapter 7 Trustee**

6

LEGAL\38716228\2 00600.9698.000/420979.000
10/16/2018 6:10 PM